**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 27 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RONAL MANFRED HIDALGO
HIDALGO,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-6283

Agency No.
A094-029-695

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 18, 2025[**]

Before:    CANBY, S.R. THOMAS, and SUNG, Circuit Judges.

Ronal Manfred Hidalgo Hidalgo, a native and citizen of Guatemala,

petitions pro se for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's decision denying his

applications for asylum, withholding of removal, and protection under the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019). We review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

We do not disturb the agency's determination that Hidalgo Hidalgo failed to show he suffered harm that rose to the level of persecution. *See Mendez-Gutierrez v. Ashcroft*, 340 F.3d 865, 869 n.6 (9th Cir. 2003) (unspecified threats were insufficient to rise to the level of persecution); *see also Flores Molina v. Garland*, 37 F.4th 626, 633 n.2 (9th Cir. 2022) (court need not resolve whether de novo or substantial evidence review applies, where result would be the same under either standard). Substantial evidence supports the agency's conclusion that Hidalgo Hidalgo failed to show a clear probability of future persecution, as required for withholding of removal. *See, e.g., Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (feared persecution "too speculative" to support claim). Thus, Hildalgo Hidalgo's withholding of removal claim fails.

Hidalgo Hidalgo's contentions that he has established eligibility for asylum and CAT protection are not properly before the court because he did not raise them before the BIA. *See* 8 U.S.C. § 1252(d)(1) (administrative remedies must be exhausted); *see also Santos-Zacaria v. Garland*, 598 U.S. 411, 417-19 (2023)

(section 1252(d)(1) is not jurisdictional).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**